UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LIQUID TOPPINGS DISPENSING
SYSTEM ('447) PATENT LITIGATION                                  MDL No. 2832


**TRANSFER ORDER**


**Before the Panel:**[*] Defendants in a Southern District of Florida action (*Canedo*) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the Southern District of Florida. Patentholder Kona Ice, Inc., and Kona Ice Co. oppose centralization and, alternatively, suggest the District of Colorado as the transferee district. In their motion, moving defendants state that franchisor Tikiz Franchising, LLC, and Tikiz Enterprises, LLC, consent to the Section 1407 motion, as do the franchisee defendants in the other actions. This litigation consists of twelve actions, pending in ten districts, as listed on Schedule A.

On the basis of the papers filed and hearing session held, we find that these twelve actions involve common questions of fact, and that centralization in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions contain similar allegations regarding the infringement, validity and enforceability of U.S. Patent No. 9,751,447,[1] which describes a "mobile confectionary apparatus," as well as related patents issued to Kona. Eleven actions are brought by Kona against Tikiz franchisees (two of whom are proceeding *pro se*) for infringement of the '447 Patent. The twelfth action is a declaratory judgment action brought by Tikiz, in which Tikiz seeks a declaration that: (1) the trucks Tikiz provides to its franchisees do not infringe the '447 Patent or U.S. Patent No. 9,321,387 due to a 2012 settlement agreement between Kona and Tikiz and based on the design of Tikiz's vehicles; (2) the '447 and '387 Patents are invalid and unenforceable; and (3) Kona breached the 2012 settlement agreement by bringing the infringement actions. As the litigation stands now, twelve actions are pending in ten different districts. Centralization will create significant judicial efficiencies by allowing a single judge to preside over all patent challenges, claim construction issues, and the dispute about whether the 2012 settlement agreement between Tikiz and Kona

---

[*]   Judge Lewis A. Kaplan did not participate in the decision of this matter.

[1]   The patent's abstract provides for: "A mobile confectionary apparatus includes a vehicle with at least one upstanding side wall. An interior space may be surrounded by the upstanding side wall. An opening may extend through the side wall. A liquid toppings dispensing system is adjustably positionable adjacent to the side wall and includes a first plurality of liquid dispensers configured to dispense at least one liquid topping. The liquid toppings dispensing system is pivotable relative to the side wall between a first position and a second position. The liquid toppings dispensing system is located externally of the side wall in each of the first and second positions."

precludes the current infringement actions. Centralization will prevent inconsistent rulings and facilitate the consistent interpretation of the patents' claims.

Kona opposes centralization by arguing, *inter alia*, that factual differences among the actions weigh against centralization (*e.g.*, some actions challenge Kona's ownership of the patents or its standing to sue; only certain actions involve counterclaims; only the S.D. Florida *Tikiz* declaratory judgement action involves the '387 Patent, etc.) and that informal cooperation is superior to centralization. These arguments are not persuasive. Substantial efficiencies can be gained by centralizing these actions which involve a similar class of accused infringers – Tikiz franchisees, a similar allegedly infringing product, the Tikiz mobile kiosk,[2] and the same or related patents. The transferee judge can accommodate any differences among the actions. Alternative measures and the cooperation of the parties (and ten judges across the nation) are inferior, in these circumstances, to centralization.

The Southern District of Florida is the most appropriate transferee district for pretrial proceedings in this litigation. The Tikiz defendants are based in this district, and relevant documents and witnesses likely will be found there. Additionally, the initial round of patent litigation between the competing franchisors occurred in this district. We are confident that Chief Judge K. Michael Moore, an experienced transferee judge who presided over the 2012 litigation,[3] will steer this controversy on a prudent course.

---

[2] *Cf. In re: TransData, Inc., Smart Meters Patent Litig.*, 830 F. Supp. 2d 1381 (J.P.M.L. 2011) ("There are efficiencies to be gained by allowing the claim construction process to include all [] actions. Furthermore, whatever [patentholder's] intentions in filing actions against several end users instead of manufacturers, we are presented with seven actions involving common questions of fact and overlapping discovery. Centralization will prevent the duplication of discovery and pretrial proceedings, such as claim construction hearings, that would otherwise occur.").

[3] *See Kona Ice, Inc. v. Tikiz Development Group, LLC*, S.D. Florida, Case No. 12-80572.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable K. Michael Moore for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Charles R. Breyer
Ellen Segal Huvelle    R. David Proctor
Catherine D. Perry

IN RE: LIQUID TOPPINGS DISPENSING
SYSTEM ('447) PATENT LITIGATION                             MDL No. 2832

## SCHEDULE A

District of Arizona

KONA ICE, INC. v. MESSIER, ET AL., C.A. No. 2:17‑03298

District of Colorado

KONA ICE, INC. v. LIU, C.A. No. 1:17‑02301
KONA ICE, INC. v. SILVA‑ROMERO, C.A. No. 1:17‑02302

Northern District of Florida

KONA ICE, INC. v. BAILEY, ET AL., C.A. No. 3:17‑00698

Southern District of Florida

KONA ICE, INC. v. CANEDO, ET AL., C.A. No. 0:17‑61842
TIKIZ FRANCHISING, LLC, ET AL. v. KONA ICE, INC., C.A. No. 0:18‑60237

Western District of Louisiana

KONA ICE, INC. v. NAVARRE, C.A. No. 2:17‑01208

District of Maryland

KONA ICE, INC. v. SNEE, ET AL., C.A. No. 1:17‑02809

Western District of North Carolina

KONA ICE, INC. v. BUMGARNER, C.A. No. 3:17‑00563

Eastern District of Texas

KONA ICE, INC. v. HODGSON, ET AL., C.A. No. 4:17‑00667

Southern District of Texas

KONA ICE COMPANY v. CROWDER, ET AL., C.A. No. 4:17‑02837

Western District of Texas

KONA ICE, INC. v. DETAVERNIER, ET AL., C.A. No. 5:17‑00931